Ruffin. C. J.
 

 The bill is a mere skeleton, stating few particulars, and fixing no dates to any part of the transaction, nor to any event stated in it. In the most favorable view, the substance of the bill is, that there is a resulting trust to the plaintiff upon a purchase by her husband with her land, or with the price of her land, which they sold for that purpose. Now, to sustain that case, the first step is, to shew her title to the land, which
 
 *41
 
 she says belonged to her, and with which the purchase was made ; and that is only done here by a single witness, and merely upon his -understanding that it was hors. It might, perhaps, be sufficient,
 
 prima facie,
 
 if the deed from Temple and his wife stated the land to have descended to her, and to be hers or claimed as hers in fee. But the extent of her title is in'no manner to be gathered from that instrument. Besides, the bill does not shew the state of the family of these parties, nor their ages, nor any other matter from which - the relative values of the husband’s interest in the land, and the wife’s, can be collected. But another and a decided objection is, that the evidence contradicts the bill in its essential statement, that her land was sold and the proceeds invested in this land for her ; for the two deeds shew that the land was purchased from Carver, and conveyed by him, five daj-s before the plaintiff and her husband made their conveyance ; and therefore, the most that can,
 
 prima facie,
 
 be made of the case for the plaintiff, is, that after her husband had purchased and got his deed, she agreed to sell her land to enable him to pay for his, provided he would agree to sell to 'her 100 acres of his new purchase. But that is essentially a different case from that charged by the bill, and, if that had been the case n<*ldc in the bill, the defendants would have met it at once with a plea of the statute, to make void parol contracts for the sale of land.
 
 1819,
 
 c.
 
 1016. It
 
 might have probably appeared, if the plaintiff had taken the trouble to take the testimony of witnesses, that the two contracts of sale were made some time before the conveyances, and that,'in fact, the price of the plaintiff’s land was in hand, and laid out in purchasing the land from Carver, and not merely in paying a debt contracted by the husband upon a previous purchase. But there is no evidence to that point, and the only time to which the witness refers, in speaking of the sale of the wife’s land, was prior to the sale of it. He says the husband
 
 *42
 
 expected he could sell it to Richardson.- Now, after that, the plaintiff joined in a deed to Richardson, and let the price go into the husband’s hands, whereby it became his in law, at a time when the husband’s own purchase was completed by a conveyance to himself; from which, the conclusion is, that the wife then gave her husband the money, whatever might have been her intention at a previous period. It is true, that a husband and wife may, in Equity, deal with each other in respect to her inheritance ; but it is extremely difficult to do so, with any security to her, without the intervention of a third person as trustee, because it is hard to tell, in many cases, whether she means to stand upon her separate rights, or to surrender them to him; and, therefore, the clearest proof is requisite to rebut the presumption, when she and her husband turn her land into money, and she does not place her part of the money with some indifferent person for her, and as her separate property, but suffers the whole to be paid to the husband, that it was paid to and accepted by the husband for himself, and not in trust for his wife. Here, there is no such proof; and if the bill were properly framed, and sustained by evidence in other respects, it would be disunited for this reason.
 

 Per Curiam.
 

 Bill dismissed with costs.